1
2
3
4
5
6
7
8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11   PETER AMSCHEL,                    )    NO. CV 10-7767 AGR
                                        )
12          Plaintiff,                  )
                                        )
13          v.                          )
                                        )
14   MICHAEL J. ASTRUE,                 )    **MEMORANDUM OPINION AND**
     Commissioner of Social Security,   )    **ORDER**
15                                      )
                                        )
16          Defendant.                  )
                                        )
17   ————————————————————————)

18          Peter Amschel filed this action on October 18, 2010.  Pursuant to 28 U.S.C.

19   § 636(c), the parties consented to proceed before the magistrate judge on

20   December 6 and 15, 2010.  (Dkt. Nos. 6, 7.)  On August 2, 2011, the parties filed

21   a Joint Stipulation ("JS") that addressed the disputed issues.  The court has taken

22   the matter under submission without oral argument.

23          Having reviewed the entire file, the court affirms the decision of the

24   Commissioner.

25   ///

26   ///

27   ///

28   ///

**I.**

**PROCEDURAL BACKGROUND**

On June 8, 2007, Amschel filed an application for disability insurance benefits alleging a disability onset date of August 9, 2006.  Administrative Record ("AR") 10.  The application was denied initially and upon reconsideration.  *Id.* Amschel requested a hearing before an Administrative Law Judge ("ALJ").  *Id.* On June 2, 2009, the ALJ conducted a hearing at which Amschel, a medical expert and a vocational expert testified.  AR 20-54.  On August 26, 2009, the ALJ issued a decision denying benefits.  AR 10-19.  On August 17, 2010, the Appeals Council denied the request for review.  AR 1-3.  This action followed.

**II.**

**STANDARD OF REVIEW**

Pursuant to 42 U.S.C. § 405(g), this court reviews the Commissioner's decision to deny benefits.  The decision will be disturbed only if it is not supported by substantial evidence, or if it is based upon the application of improper legal standards.  *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

"Substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion."  *Moncada*, 60 F.3d at 523.  In determining whether substantial evidence exists to support the Commissioner's decision, the court examines the administrative record as a whole, considering adverse as well as supporting evidence.  *Drouin*, 966 F.2d at 1257.  When the evidence is susceptible to more than one rational interpretation, the court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

///

///

///

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### DISCUSSION

#### A.    Disability

A claimant is disabled, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

However, a finding of disabled does not automatically qualify a claimant for disability benefits. *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007) (*citing Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001)).  A claimant is not eligible to receive disability benefits if drug or alcohol addiction is a "contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. § 423(d)(2)(C); 20 C.F.R. § 404.1535(a).  The claimant bears the burden of proving that drug or alcohol addiction is not a contributing factor material to his or her disability.  *Parra*, 481 F.3d at 748.  If the Commissioner finds that the claimant is disabled and has medical evidence of the claimant's drug addiction or alcoholism, "the ALJ must conduct a drug and alcoholism analysis by determining which of the claimant's disabling limitations would remain if the claimant stopped using drugs or alcohol."  *Id.*, 481 F.3d at 747; 20 C.F.R. § 404.1535(b)(2); *see also Bustamante*, 262 F.3d at 954; *Ball v. Massanari*, 254 F.3d 817, 821 (9th Cir. 2001).  If the remaining limitations would still be disabling, then drug addiction or alcohol is not a contributing factor material to his disability.  *Parra*, 481 F.3d at 747.  If the remaining limitations would not be disabling, then the claimant's substance abuse is material and benefits must be denied.  *Id*.

///

1

2   **B.   The ALJ's Findings**

3   Amschel met the insured status requirements through June 30, 2011.  AR
10, 12.

4   The ALJ found that Amschel has the following severe impairments: "an

5   organic affective disorder with major depressive symptoms; history of post-

6   traumatic stress disorder with some mild residual symptoms; a personality

7   disorder, not otherwise specified; and an active mixed substance abuse disorder."

8   AR 13.  Amschel's impairments, including his substance abuse disorder, met

9   listing 12.04C2, a listing for affective disorders set forth in 20 C.F.R., Part 404,

10  Subpart P, Appendix 1.  AR 14.

11  The ALJ also found that if Amschel stopped his substance use, his

12  impairments would not meet or equal any impairments in the listings.  AR 16.  He

13  would have the residual functional capacity to perform a full range of work at all

14  exertional levels but would be limited to performing no more than moderately

15  complex tasks.  AR 16.  The ALJ found that he would be able to perform his past

16  relevant work as an attorney.  AR 18.  The ALJ concluded that substance abuse

17  was a contributing factor material to the determination of disability.

18  **C.   Opinions of Consulting Examiners**

19  Amschel contends the ALJ failed to provide specific and legitimate reasons

20  for rejecting the opinions of consulting examiners, Dr. Andonov and Dr. Adeyemo.

21  To reject an uncontroverted opinion of an examining physician, the

22  Commissioner must present "clear and convincing" reasons.  *Lester v. Chater*, 81

23  F.3d 821, 830-31 (9th Cir. 1996).  To may reject a controverted opinion of an

24  examining physician, he must provide "specific and legitimate reasons that are

25  supported by substantial evidence."  *Id.*

26  ///

27  ///

28  ///

1

### 1. __Opinions of Dr. Andonov__

On August 31, 2007, Dr. Andonov performed a consultative psychological

examination of Amschel.  AR 209-18.  He found that Amschel suffered from major

depression and dyssomnia.  AR 216.  He also found that Amschel had suffered

from opiate dependency for three years which was "resolved at this time with total

abstinence and discontinuation of methadone maintenance in March 2007."  AR

216.  He was not aware of any other current or recent substance use.  AR 209-

18.  He opined Amschel "is incapable of conducting either his [legal] practice or

engaging in any other gainful employment at the present time."  AR 217-18.

The ALJ considered the opinions of Dr. Andonov.  AR 14-15.  The ALJ

found that Dr. Andonov provided his opinions under the mistaken belief that

Amschel's drug problem was in "total abstinence since March 2007."  AR 14.  By

contrast, Amschel testified that he was currently using marijuana and

methamphetamines, and admitted to Dr. Adeyemo on October 11, 2007, that he

was currently using marijuana and intermittently using methamphetamines.  AR

14-15, 26, 28, 220.  He also noted that records from Loma Linda Veterans

Administration Medical Clinic ("LLVA") showed continuous active use of

marijuana and methamphetamines.  AR 14, 181, 194, 276, 282, 290, 296, 305,

307.[1]  The ALJ concluded that Dr. Andonov's opinions did not relate to Amschel's

impairments and limitations if he stopped using drugs.  AR 14-15.

Substantial evidence supports the ALJ's findings that Amschel was

continuously using drugs and that Dr. Andonov opinions concerned Amschel's

_____

[1]  Records from LLVA show the following: On May 16, 2008, Amschel
"states that he last used methamphetamines last [night]" (AR 276); on March 7,
2008, he "continues to abuse meth.  Last used yesterday" (AR 282); on October
12, 2007, he "still uses amphetamine–last used yesterday" (AR 290); on August
24, 2007, he "uses methamphetamine on occasion–last use 2 days ago" (AR
296); on June 21, 2007, he was "using methamphetamine," and "smoking one
joint of THC daily" (AR 305); on February 14, 2007, he admits "concurrent use of
methamphetamine" (AR 307); on October 18, 2006, he smoked "3 pipefuls of
crystal meth this past Saturday," and "2-3 joints of marijuana [every] day" (AR
181); on April 17, 2006, he was using heroin, marijuana daily (AR 194).

1   limitations while he was using drugs.  AR 14-15, 209-18, 181, 194, 276, 282, 290,

2   296, 305, 307.  The ALJ properly considered Dr. Andonov's opinions and did not

3   err.

4                    **2.    Opinions of Dr. Adeyemo**

5        On October 11, 2007, Dr. Adeyemo performed a consultative psychiatric

6   evaluation of Amschel.  AR 219-22.  He found that Amschel suffered from mood

7   disorder, psychotic disorder, and multi-substance dependence (cannabinoid,

8   methamphetamines and cocaine) in early partial remission.  He noted that "there

9   had been a significant decline in his level of functioning within the last 12

10  months."  AR 222.  He opined Amschel was able to understand, remember and

11  carry out simple instructions but his ability to carry out complex instructions was

12  significantly impaired; would "most likely have difficulties responding appropriately

13  to co-workers, supervisors and the public"; and would "have difficulties with work

14  related issues such as safety and attendance."  AR 222.

15       Dr. Adeyemo opined Amschel would benefit from substance abuse

16  treatment and psychiatric treatment, and had a "fair prognosis if he is compliant

17  with recommended treatment given his limited psychiatric history, absence of

18  family history of mental illness, previous level of functioning as an attorney and

19  above average intelligence."  AR 222.

20       The ALJ considered the opinions of Dr. Adeyemo.  AR 15.  Dr. Adeyemo's

21  opinions regarding Amschel's impairments and limitations while he was using

22  drugs was not inconsistent with the ALJ's finding that Amschel's impairments,

23  including drug abuse, was disabling.[2]

24       The ALJ's conclusions about Amschel's limitations if he stopped using

25  drugs was not inconsistent with the opinions of Dr. Adeyemo that he would

26  ///

27  ───────────────

28       [2] The ALJ's finding that Amschel's impairments, including drug abuse, was
    disabling was, if anything, more limiting than Dr. Adeyemo's opinions.

1  benefit from substance abuse treatment and had a "fair prognosis" if he were

2  compliant with treatment.  AR 222.  The ALJ did not err.

3        **D.    Opinions of the Medical Expert**

4        Amschel contends the ALJ improperly relied on the opinion of medical

5  expert, Dr. Malancharuvil, that Amschel had no significant impairment absent his

6  drug abuse.  JS 3-6.

7        Dr. Malancharuvil testified at Amschel's administrative hearing.  AR 29-37.

8  He opined that, with drug use, Amschel's impairments met the listings.  AR 29-30.

9  However, without drug use, Amschel would be able to do moderately complex

10  tasks and intellectual tasks of at least moderate complexity.  AR 30.

11        The ALJ's residual functional capacity findings are consistent with the

12  opinions of Dr. Malancharuvil.  "The opinions of non-treating or non-examining

13  physicians may [] serve as substantial evidence when the opinions are consistent

14  with independent clinical findings or other evidence in the record."  *Thomas v.*

15  *Barnhart*, 278 F.3d 948, 957 (9th Cir. 2002).  Dr. Malancharuvil's opinions are

16  consistent with the reports and opinions of Dr. Andonov and Dr. Adeyemo, and

17  the medical records.  His opinions constitute substantial evidence on which the

18  ALJ properly could rely.  *See Parra v. Astrue*, 481 F.3d at 750 (finding substantial

19  evidence to support finding of non-disability where medical expert testified that

20  abstinence generally ameliorates the effects of liver cirrhosis).[3]  The ALJ did not

21  err.

22  ///

23  ///

24  ///

25

26        [3]  Amschel bore the burden of proof to establish that his drug abuse was
27  not a contributing factor material to his disability.  *Parra*, 481 F.3d at 748.  He
   provided no evidence showing that his disabling limitations would remain if he
   stopped using drugs.  Inconclusive evidence as to the issue of materiality is
28  insufficient to satisfy the claimant's burden of proof.  *Id.* at 749.

**IV.**

**ORDER**

IT IS HEREBY ORDERED that the decision of the Commissioner is affirmed.

DATED: September 13, 2011

ALICIA G. ROSENBERG
United States Magistrate Judge

8